**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X   Case No. 17-cv-06057
KEVIN HERNANDEZ, on behalf of himself
individually and all others similarly situated,

                                    Plaintiff,

                                                                     **CLASS ACTION**
          -against-                               **COMPLAINT**

MERCANTILE ADJUSTMENT BUREAU, LLC,

                                   Defendant.
------------------------------------------------------------------------X

      Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

### INTRODUCTION

1.     This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

2.     This action is also brought pursuant to New York General Business Law ("NYGBL") § 349 for an injunction and damages regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person who resides in this District.

6. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as he is a natural person who is alleged by defendant to owe a financial obligation.

7. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes and concerned an allegedly defaulted student loan.

8. Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

10. The principal purpose of defendant's business is the collection of defaulted consumer debts.

11. Defendant uses the mails and the telephone in its business the principal purpose of which is the collection of defaulted consumer debts.

12. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. Upon information and belief, defendant is a domestic limited liability company.

## FACTUAL ALLEGATIONS

14. Plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. Plaintiff is alleged to owe a student loan debt incurred for personal purposes to Suffolk County Community College.

16. At some subsequent point in time the debt is alleged to have fallen into default.

17. By letter dated December 6, 2016, defendant wrote to plaintiff in an attempt to collect said defaulted student loan debt.

18. In the caption of the letter, defendant stated that the debt balance was $2,977.20.

19. The amount of $2,977.20 is also stated by defendant to be the amount owed elsewhere in the letter.

20. Defendant's collection costs were included in the balance of the debt stated in defendant's said collection letter to plaintiff.

21. Defendant did not disclose that its collection costs were included in the balance of the debt stated in its collection letter dated December 6, 2016.

22. Plaintiff did not know that the balance of $2,977.20 stated in defendant's said letter included collection costs.

23. Further, defendant did not disclose in its collection letter to plaintiff dated December 6, 2016 the amount of the debt balance which was attributable to its collection costs.

24. At the time defendant sent the letter to plaintiff, defendant claimed collection costs in excess of $400 concerning plaintiff's account.

25. At the time defendant sent the letter to plaintiff, an amount in excess of $400 had been added to plaintiff's debt balance for collection costs.

26. Plaintiff later discovered that, in December 2016, defendant claimed collection costs in excess of $400 concerning his account.

27. Undisclosed to plaintiff by defendant in its letter to plaintiff dated December 6, 2016, defendant had added its collection costs to the balance of his debt.

28. Undisclosed to plaintiff by defendant in its letter to plaintiff dated December 6, 2016, defendant's collection costs had been added to the balance of his debt.

29. Undisclosed to plaintiff by defendant in its letter to plaintiff dated December 6, 2016, was the amount of the collection costs which had been added to the balance of his debt.

30. Plaintiff felt confusion, annoyance and surprise upon learning that defendant had failed to disclose that collection costs had been included in the amount defendant demanded that he pay in its letter to him dated December 6, 2016, and that defendant had also failed to disclose therein the amount of the collection costs.

## AS AND FOR A FIRST CAUSE OF ACTION

## FDCPA, §§ 1692e(2)(A),1692e(10) and 1692f

31. Plaintiff re-alleges paragraphs 1-30 as if fully re-stated herein.

32. In its collection letter dated December 6, 2016 defendant demanded payment of the amount of $2,977.20.

33. The amount of $2,977.20 included defendant's collection costs.

34. The amount of $2,977.20 included collection costs.

35. Defendant did not disclose to plaintiff in the said collection letter that the amount of $2,977.20 included defendant's collection costs.

36. Defendant did not disclose to plaintiff in the said collection letter that the amount of $2,977.20 included collection costs.

37. Defendant's addition of collection costs into the debt balance stated in said letter without disclosing to plaintiff that the balance included collection costs and, further, without disclosing the amount of such collection costs, is a violation of the FDCPA, §§ 1692e(2)(A) and 1692e(10), as a false representation of the amount of the debt and a false representation and deceptive means used by defendant in its attempt to collect the debt.

38. Defendant's addition of collection costs into the debt balance stated in said letter without disclosing to plaintiff that the balance included collection costs and, further, without disclosing the amount of such collection costs, is also a violation of the FDCPA, § 1692f as an unfair and unconscionable means used by defendant to attempt to collect the debt.

39. Defendant's failure to disclose in said letter that collection costs were included in the debt balance and the amount of said collection costs constitutes a violation of the FDCPA, §§ 1692e(2)(A) and 1692e(10), as a false representation of the amount of the debt and a false representation and deceptive means used by defendant in its attempt to collect the debt, and further constitutes a violation of the FDCPA, § 1692f as an unfair and unconscionable means used by defendant to attempt to collect the debt.

AS AND FOR A SECOND CAUSE OF ACTION
NYGBL § 349

40. Plaintiff re-alleges paragraphs 1-39 as if fully re-stated herein.

41. Each of the deceptive and misleading acts and practices above–mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service within the State of New York and constitutes a violation of NYGBL § 349.

42. Defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons.

43. Defendant contacts thousands of consumers within the State of New York each year by mail.

44. Defendant's collection letter dated December 6, 2016 is typical of the letters defendant mailed to consumers within the State of New York concerning defaulted Suffolk County Community College student loan accounts, at all times relevant herein.

45. Defendant's letter is derived from a letter form used by defendant.

46. Defendant's letter is derived from a letter template used by defendant.

47. At all times relevant herein, defendant had a pattern of mailing collection letters to hundreds of consumers within the State of New York each year which improperly included an undisclosed collection fee for defaulted Suffolk County Community College student loan accounts.

48. Plaintiff is a reasonable consumer within the meaning of the NYGBL.

49. Plaintiff felt confusion, annoyance and surprise upon learning that defendant had failed to disclose that collection costs had been included in the amount defendant demanded that he pay in its letter to him dated December 6, 2016, and that defendant had also failed to disclose therein the amount of the collection costs.

50. Defendant violated NYGBL § 349(a) and is liable to plaintiff under NYGBL § 349(h).

## CLASS ALLEGATIONS

51. Plaintiff re-alleges paragraphs 1-50 as if fully re-stated herein.

52. This action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter dated December 6, 2016 which defendant sent to plaintiff, attached as Exhibit 1; (b) the collection letter was sent to a consumer seeking payment of a Suffolk County Community College student loan debt; (c) the collection letter was not returned by the postal service as undeliverable; and (d) the letter contained violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(10) and 1692f. The class does not include defendant or persons who are officers, directors, employees or representatives of defendant.

53. The class shall be defined as follows:

*All natural persons with addresses within the State of New York to whom defendant sent a collection letter concerning a consumer debt owed to Suffolk County Community College, which collection letter contains a demand for payment of an amount which includes collection costs but which letter does not disclose that collection costs are included in the amount demanded, from one year before the filing of this complaint to the date of the filing of this complaint inclusive, and which letter was not returned by the postal service as undeliverable.*

54. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by failing to disclose in its collection letters that collection costs had been added to the balance of the debt, in violation of the FDCPA, §§ 1692e(2)(A), 1692e(10) and 1692f.

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

55. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

56. If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

57. Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

58. As a result of the above violations, defendant is liable to plaintiff and the members of the class for an injunction and damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

    (a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

    (b) awarding maximum statutory damages to the class pursuant to 15 U.S.C. § 1692k;

    (c) awarding maximum statutory damages to plaintiff pursuant to 15 U.S.C. § 1692k;

(d) awarding actual damages to the class pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(e) awarding actual damages to plaintiff pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(f) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(g) enjoining defendant from committing further deceptive acts and practices pursuant to NYGBL § 349;

(h) awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

(i) in the alternative, awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

(j) awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349; and

(k) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
 October 17, 2017.

                                                       /s/  Novlette R. Kidd
                                             NOVLETTE R. KIDD, ESQ. (NK 9339)
                                             FAGENSON & PUGLISI, PLLC
                                             Attorneys for Plaintiff
                                             450 Seventh Avenue, Suite 704
                                             New York, New York 10123
                                             Telephone: (212) 268-2128
                                             Nkidd@fagensonpuglisi.com

# EXHIBIT 1



Mercantile Adjustment Bureau, LLC
PO Box 9016
Williamsville, NY 14231

'NYSIFOI'
Office Hours: (Eastern Time):
8:00AM - 9:00PM Monday-Thursday
8:00AM - 5:00PM Friday
1 866 851 0083

12-06-16

KEVIN J. HERNANDEZ

HOLTSVILLE NY 11742

ACCOUNT NO: ▓▓▓▓▓ SU0112
REFERENCE NO: ▓▓▓▓▓
CURRENT CREDITOR: SUFFOLK COUNTY COMM COLLEGE
BALANCE: $2977.20

KEVIN J. HERNANDEZ,

Please be advised our client has authorized us to offer you substantial savings to resolve this account. We are authorized to resolve this account for a reduced amount of $2755.00 which must be received on or before 12/19/16.

Failure to comply with these proposed conditions will make this offer null and void. We are not obligated to renew this offer. Upon clearance of your payment(s), the account will be resolved in full.

Please send payments or correspondence to: Mercantile Adjustment Bureau, LLC
PO Box 9016
Williamsville, NY 14231-9016

Calls to or from this company may be monitored or recorded for quality assurance purposes.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Sincerely,
Mercantile Adjustment Bureau, LLC
William Schmitt
Telephone Number: 1 866 851 0083

See Page 2 for additional information

# MERCANTILE
*Innovative Solutions, Exceptional Results*

---

Mercantile Adjustment Bureau, LLC
165 Lawrence Bell Dr., Suite 100
Williamsville, NY 14221

Office Hours (Eastern Time)
8:00AM - 9:00PM Monday-Thursday
8:00AM - 5:00PM Friday
'NYSIFOI'
Page 2

12-06-16

KEVIN J. HERNANDEZ

HOLTSVILLE NY 11742

ACCOUNT NO: ▇▇▇▇ SU0112
REFERENCE NO: ▇▇▇▇
CURRENT CREDITOR: SUFFOLK COUNTY COMM COLLEGE
BALANCE: $2977.20

The account balance may periodically increase due to the addition of accrued interest as provided in your agreement with the original creditor or as otherwise provided by law.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social Security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

New York City Department of Consumer Affairs License Number(s) 1310227 & 1310229